## CIRCUIT COURT OF ARLINGTON COUNTY

Gutierrez

v.

Wiley

December 31, 2002

Case No. (Law) 02-685

BY JUDGE WILLIAM T. NEWMAN, JR.

This case presents the question of whether punitive damages can be awarded in a default judgment action for breach of contract. For the reasons set forth below, the Court holds that punitive damages are not permissible in this contract case.

### *Facts*

This case arises from a breach of contract action brought by the Plaintiff. On May 22, 2002, the parties entered into a contract for defendant to provide development and construction services for a building project in Arlington. On May 23, 2002, the plaintiff paid $17,500 to the defendant. Defendant allegedly failed to perform under this agreement. On July 22, 2002, the plaintiff terminated the contract and requested a refund of the $17,500 deposit. On July 23, 2002, the defendant provided a check in the amount of $17,500, but it was returned due to insufficient funds. On September 18, 2002, the plaintiff filed a Motion for Judgment seeking damages in the following amounts: $17,500.00 compensatory damages; $52,500.00 punitive damages; plus interest, costs, and fees. The defendant was personally served by a private process server on October 3, 2002. No answer or responsive pleading was filed by October 24, 2002. The plaintiff gave the defendant notice of the default judgment hearing by mailing the notice and motion to the defendant on November 11, 2002. On November 22, 2002, the Court granted default judgment for $17,500, the amount of the contract.

## Discussion

This case presents a question of whether punitive damages can be awarded in a default judgment case for a breach of contract. Since this contract is for services and not for goods, the Uniform Commercial Code does not apply to this case, and the common law of Virginia governs. A person is liable for contract damages to the extent those damages are foreseeable at the time the contract was entered into. *Duggin v. Williams*, 233 Va. 25 (1987). Compensation for a breach should be for the value of the contract. *Manss-Owens Co. v. Owens*, 129 Va. 183 (1921). Plaintiff should be put in the same position as if the contract had been performed. *Lehigh Portland Cement Co. v. Virginia S.S. Co.*, 132 Va. 257 (1922). Generally, punitive damages cannot be recovered in actions for the breach of ordinary contracts. *Wright v. Everett*, 197 Va. 608 (1956). There may be extraordinary cases where exemplary damages are awarded if the breach of a contract is an independent willful tort and malice, wantonness or oppression is alleged. *Id.* There are no special circumstances that have been pleaded in this case that allow for a departure from the general principles in contract law, which do not allow for punitive damages. Further, the motion for judgment does not allege an independent tort, nor does it allege malice or wantonness in the breach of the contract between the plaintiff and the defendant. For the above-listed reasons, punitive damages cannot be awarded in this case.

## Conclusion

For the foregoing reasons, the Court holds that, based upon established Virginia case law and the fact that the plaintiff does not allege a breach of contract by an independent willful tort, punitive damages cannot be awarded in this case.